**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00432-FDW**

| | |
|---|---|
| GERALD WHITE, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>STATE OF NORTH CAROLINA, et al., )<br>)<br>    Respondents. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Petitioner Gerald White's pro se Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 4.) Also before the Court is Petitioner's Motion to proceed in forma pauperis. (Doc. No. 5.)

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, according to North Carolina Department of Public Safety ("NCDPS") records, was convicted in Mecklenburg County Superior Court of one count of attempted trafficking of a Schedule VI controlled substance. He was sentenced to 9-20 months in prison. Judgment was entered on February 23, 2018.[1]

According to Petitioner, he did not file a direct appeal, but he did file a motion for appropriate relief ("MAR") in the Mecklenburg County Superior Court. (Am. Pet. 2, 6, Doc. No. 4.) The Mecklenburg County Superior Court issued a decision on July 25, 2018. Petitioner does not share the result of the decision, but the Court assumes the MAR was denied. Petitioner states that he did not ask a higher court to review the MAR court's decision. (Am. Pet. 6.)

On July 25, 2018, Petitioner filed a one-page petition for writ of habeas corpus pursuant

---

[1] See NCDPS Offender Public Information, https://webapps.doc.state.nc.us./opi/offendersearch.do?method=view.

1

to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1.) That court sent Petitioner a deficiency notice alerting him that his petition was not on the form proscribed for use by the court. (Doc. No. 3.) Petitioner thereafter filed the instant Amended Petition on the proper form (Doc. No. 4), and the Eastern District transferred the entire action to this Court (Doc. No. 7), where venue is proper.

## II.　STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes that the Petition should be dismissed without prejudice because Petitioner has not exhausted his state court remedies.

## III.　DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a petitioner exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[2] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27,

---

[2] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  § 2254(b)(1)(A) & (B).

2

29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

As an initial matter, Petitioner did not file a direct appeal challenging his judgments (§ 2254 Pet. 2). That fact is not necessarily fatal to his § 2254 petition, if Petitioner demonstrates that he has exhausted his habeas claims by properly raising them elsewhere in the state courts. As noted, Petitioner filed a post-conviction MAR in the trial court. However, by his own admission, he has not filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of that MAR. That step is necessary to exhaust the claims raised in the Amended Petition. See O'Sullivan, 526 U.S. at 845.

Because he has not provided the state courts a full and fair opportunity to resolve his federal constitutional claims, Petitioner has not exhausted his available state remedies. See id. Therefore, the Court shall dismiss the instant habeas Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes. Petitioner is forewarned, however, that a one-year statute of limitations applies to the filing of a § 2254 petition. See 28 U.S.C. § 2244(d)(1). Generally, the statute of limitations begins to run on the date a petitioner's conviction becomes final, see § 2244(d)(1)(A), and is tolled while a properly filed post-conviction action is pending in the state courts, see § 2244(d)(2).

On another note, Petitioner's Amended Petition is deficient under Rule 2(c) of the Rules Governing Section 2254 Cases. Rule 2(c) requires a Petitioner to specify all the grounds for

3

relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. While Petitioner has stated several grounds for relief, he has failed to state any facts to support those grounds. For example, Ground Two of the Amended Petition is: "improper evidence and violation of the Sixth Amendment." For supporting facts, Petitioner states: "my attorney was being ineffective by not seek[ing] a recusal and giving me bad advice [as] far [as] the plea." (Am. Pet. 7, Doc. No. 4.) These are not facts. They are conclusory allegations. Petitioner has not identified the evidence he believes was improper or stated why his attorney should have sought a recusal, whose recusal the attorney should have sought, or what bad advice the attorney gave Petitioner. Petitioner's other grounds for relief (One, Three, and Four) suffer from the same deficiency. Petitioner should endeavor to comply with Rule 2 in any future § 2254 petition.

**IT IS, THEREFORE, ORDERED** that:

1) The Amended Petition for Writ of Habeas Corpus (Doc. No. 4) is **DISMISSED** without prejudice as unexhausted;

2) Petitioner's motion to proceed in forma pauperis (Doc. No. 5) is **GRANTED** for the sole purpose of dismissing this action; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge